IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL ATTAWAY, #Y55493, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01081-SMY |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Attaway, an inmate in the custody of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations resulting from an unknown officer's use of excessive force against him at Shawnee Correctional Center. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant must be dismissed. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): Plaintiff was assaulted by Officer John Doe, an unknown tactical team member on July 11, 2023. The officer entered Plaintiff's cell and ordered him to turn around and cuff up. Plaintiff explained that he could not be cuffed behind his back because he uses a cane. Office John Doe apparently interpreted Plaintiff's response as a refusal to cuff up. The officer slammed Plaintiff into the steel bed frame and injured his lower back. Plaintiff now requires a back brace to alleviate the pain caused by this injury. *Id*.

1

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Officer John Doe for using excessive force against Plaintiff on or around July 11, 2023.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

For an excessive force claim arising under the Eighth Amendment, the core inquiry is whether force was used not "in a good-faith effort to maintain or restore discipline" but "maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Plaintiff has provided a sufficient factual basis to proceed with the excessive force claim against Officer John Doe. Therefore, Count 1 will receive further review against this officer, once he is identified.

Shawnee Correctional Center's Warden will be added as a party, in an official capacity, and will be responsible for responding to discovery aimed at identifying Officer John Doe by name. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation(s) in the case caption and the Complaint.

## Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **JOHN DOE**, once the officer is identified. **SHAWNEE CORRECTIONAL CENTER's WARDEN** is **ADDED** as a defendant, in an official capacity, for purposes of identifying this defendant by name, according to the Doe Identification Order that

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

will be entered after the warden appears.

The Clerk shall prepare for Defendants **CURRENT WARDEN OF SHAWNEE CORRECTIONAL CENTER** (official capacity only) and, once identified, **JOHN DOE 1** (individual capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant John Doe (once identified) is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant John Doe (once identified) need only respond to the issues stated in this Merit Review Order**.  **The Warden of Shawnee Correctional Center need only appear in this matter and is not required to file an answer.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD Defendant CURRENT WARDEN OF SHAWNEE CORRECTIONAL CENTER (official capacity only) in CM/ECF.**

**IT IS SO ORDERED**.

**DATED: 6/21/2024**

                                                  *s/Staci M. Yandle*
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.