IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL ATTAWAY, #Y55493,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01081-SMY |
| | ) |
| **JOHN DOE AND** | ) |
| **CURRENT WARDEN OF SHAWNEE** | ) |
| **CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This case is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from Officer John Doe's alleged use of excessive force against him at Shawnee Correctional Center. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A, and Count 1 was allowed to proceed against John Doe, once identified. (Doc. 7). The Current Warden of Shawnee Correctional Center was added as an official capacity defendant who was responsible for assisting in the identification of John Doe.

After Shawnee's warden appeared, the Court entered a Doe Identification Order which required Plaintiff to identify the unknown defendant by first and last name in a motion for substitution filed on or before September 10, 2024. (Doc. 14). Plaintiff was warned that failure to do so would result in dismissal of the only defendant and the entire case. Plaintiff missed the deadline and did not seek an extension. Plaintiff also failed to respond to the Court's Order to Show Cause why this case should not be dismissed for his failure to prosecute the claim, in spite of being warned that the case would be dismissed without further notice if he failed to respond by October 9, 2024. (Doc. 20). That deadline has also passed, and Plaintiff did not respond. The

Court will not allow this matter to linger; this case will be dismissed with prejudice for failure to comply with multiple orders and for failure to prosecute the claims herein. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993).

### Disposition

This case is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 14 and 20 and his failure to prosecute his claim against Officer John Doe. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 18, 2024**     *s/ Staci M. Yandle*
                                **STACI M. YANDLE**
                                **United States District Judge**