IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL ATTAWAY, #Y55493,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-01081-SMY |
| ) | |
| **JOHN DOE AND** ) | |
| **CURRENT WARDEN OF SHAWNEE** ) | |
| **CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Micheal Attaway's Motion to Vacate Order Dismissing Case and Judgment (Doc. 23); Motion to Amend Order for Service of Process to Add Individual Capacity Claim Against Warden (Doc. 25); Motion for Default Judgment Against All Defendants (Doc. 26); and Motion for Default Judgment and Sanctions (Doc. 27).

On June 21, 2024, the Court screened Plaintiff's Complaint (Doc. 1)[1] under 28 U.S.C. § 1915A and allowed one claim of excessive force to proceed against Defendant John Doe. (Doc. 7). Litigation could not move forward until the defendant was identified by first and last name and served with this lawsuit. The Current Warden of Shawnee Correctional Center was added as an official capacity defendant to help identify the unknown defendant. After the warden appeared, the Court entered a Doe Identification Order (Doc. 14) with instructions and deadlines for exchanging information necessary for Plaintiff to identify the unknown defendant on or before September 10, 2024. *Id*.

---

[1] Plaintiff filed this case on April 12, 2024 while he was incarcerated in the Illinois Department of Corrections, *see* Doc. 1. He was released from custody in June 2024, *see* Doc. 9.

1

Plaintiff missed the deadline for identifying the unknown defendant and failed to request an extension. He also disregarded an order to show cause why this case should not be dismissed for his failure to prosecute the claim. (Doc. 20). As a result, the Court dismissed this action with prejudice on October 18, 2024. *See* Docs. 21-22.

Plaintiff now seeks relief from the Judgment. He blames the warden for failing to comply with the Doe Identification Order and claims he attempted to obtain necessary information from the warden and received no response. (Docs. 23 and 24). He requests an order vacating the judgment (Doc. 23), granting him leave to amend the complaint to name the warden (Doc. 25), and granting default judgment and sanctions against the defendants (Docs. 26 and 27).

Rule 60(b) governs Plaintiff's motion to vacate. FED. R. CIV. P. 60(b). This rule is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010). Plaintiff describes no exceptional circumstances. He could have requested a court order compelling the warden's compliance with the Doe Identification Order and could have asked for more time to identify John Doe before the deadline expired. Instead, he took no action until six months later. Plaintiff's inaction does not entitle him to relief. Accordingly, Plaintiff's Motion to Vacate Order Dismissing Case and Judgment (Doc. 23); Motion to Amend Order for Service of Process to Add Individual Capacity Claim Against Warden (Doc. 25); and Motions for Default Judgment and Sanctions (Docs. 26 and 27) are **DENIED**; This case shall remain dismissed with prejudice and is **CLOSED**.

The Court notes that Plaintiff failed to update his U.S. Mail address in this case when he moved (Docs. 17 and 18) and when he filed his motions (Docs. 23, 25, 26, and 27). Plaintiff is reminded of his ongoing obligation to notify the Clerk of his new address within 14 days of any

change, and a separate notice must be filed in each of his cases.  *See* Doc. 3.

**IT IS SO ORDERED.**

**DATED:  October 8, 2025**

<u>*s/ Staci M. Yandle*</u><br>**STACI M. YANDLE**<br>**United States District Judge**